DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) | CASE NO. 4:10 CV 2287 |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| Majestic Enterprises Collision Repair, Inc., et al., | ) ) ) ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff U.S. Commodity Futures Trading Commission brings this action against multiple individual and corporate entities alleging fraud and misappropriation in violation of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.*, as amended, in connection with a foreign currency Ponzi scheme. ECF 1. Plaintiff has attempted and succeeded in serving of all but two of the defendants - Keelan Harris and Karen Starr. Presently before the Court is a motion by plaintiff to serve Keelan Harris and Karen Starr by publication, and for an extension of time for 60 days to serve Keelan Harris. ECF 19. In support of the motion, plaintiff has provided the affidavits of Ronald Helmick and Michael McLaughlin, and submitted documentary evidence, regarding plaintiff's unsuccessful efforts to serve defendants Keelan Harris and Karen Starr at their last known addresses or, after diligent efforts, to ascertain their current addresses.

For the reasons discussed herein, plaintiff's motion to serve defendants Keelan Harris and Karen Starr by publication in newspapers widely circulated in the area of their last known

(4:10 CV 2287)

addresses is GRANTED.  Further, the time for plaintiff to serve defendant Keelan Harris by publication is extended 60 days from the date of this Order.

## II.  LAW AND ANALYSIS

A.   Time for Service

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  A court may extend the time for service for good cause shown.  Rule 4(m)'s time limits for service do not apply to service of an individual in a foreign country pursuant to Rule 4(f).

B.   <u>Keelan Harris</u>[1]

1.  *Service by Publication*

Service upon an individual within the Northern District of Ohio is governed by Rule 4(e) of the Federal Rules of Civil Procedure.  Pursuant to that Rule, service by publication in Ohio is governed by Ohio Civil Rule 4.4(A) and Ohio Revised Code § 2703.14.

Ohio Civil Rule 4.4(A)(1) provides in relevant part that:

> [I]f the residence of a defendant is unknown, service shall be made by
> publication in actions where such service is authorized by law.
> Before service by publication can be made, an affidavit of a party . . .
> shall be filed with the court.  The affidavit shall aver that service
> of summons cannot be made because the residence of the defendant
> is unknown to the affiant, all of the efforts made on behalf of the
> party to ascertain the residence of the defendant, and that the
> residence of the defendant cannot be ascertained with reasonable diligence.

---

[1] The Court has personal jurisdiction over Keelan Harris, who is a resident in the Northern District of Ohio.

2

(4:10 CV 2287)

Ohio Revised Code § 2703.14 sets forth various categories of cases in which service of process by publication is permitted. In this case, § 2703.14(L) is applicable:

> Section 2703.14 Service by Publication
>
> Service may be made by publication in any of the following cases:
> . . .
> (L) In an action in which the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed with similar intent.

2. *Analysis*

In support of the motion for service of Keelan Harris by publication, plaintiff submitted the affidavits of FBI Agent Ronald Helmick and Michael McLaughlin, a futures trading investigator in the Division of Enforcement of the plaintiff. McLaughlin's affidavit chronicles the plaintiff's unsuccessful efforts to serve Keelan Harris at his last known address and to ascertain a current address for Keelan Harris. Keelan Harris' last known address was in Warren, Ohio, but efforts to serve him there by registered and certified mail were unsuccessful, as were efforts to locate a more recent address utilizing various resources designed to locate individuals. Further, based on information from the FBI as reflected in Helmick's affidavit, plaintiff believes that Keelan Harris fled the United States to Panama, Central America after being interviewed by the FBI in connection with the allegations contained plaintiff's complaint in order conceal himself and to evade service. *See* ECF 19-2 and 21.

The Court finds that plaintiff has established by affidavit and documentary evidence that 1) plaintiff attempted to serve Keelan Harris at his last known address in Warren, Ohio, 2) service cannot be made upon Keelan Harris because his residence is unknown and cannot be

3

(4:10 CV 2287)

ascertained with reasonable diligence, and 3) Keelan Harris may have fled the country with intent to avoid service of summons. The Court further finds that plaintiff has established good cause to extend the time for service of Keelan Harris under Rule 4(m).

Accordingly the Court GRANTS plaintiff's request to serve Keelan Harris by publication and extends time period for service 60 days from the date of this Order.

Plaintiff proposes to publish, once a week for a four week period, a summons directed to Keelan Harris, including the website address where the complaint is posted on plaintiff's website, in the *Youngstown Vindicator*, which is a newspaper widely circulated in the area of Keelan Harris's last known address. The Court finds that such publication is reasonably calculated, under all the circumstances, to apprise Keelan Harris of the pendency of this action.

C.      Karen Starr[2]

    1.      *Service of an Individual in a Foreign Country*

Ohio Rule of Civil Procedure 4.5(A)(6) Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual in a foreign country, and provides for the court to direct methods of service not prohibited by international agreement. *See* Rule 4(f)(3).[3]

---

[2] The Court has personal jurisdiction over Karen Starr pursuant to Ohio's long-arm statute as Starr has transacted business within this jurisdiction through her involvement with defendant businesses Complete Developments LLD and Investment International Inc. in Ohio. *See* Ohio Revised Code Section 2307.382(1).

[3] There is no requirement that a party first exhaust the methods for service described in subsections (1) and (2) of Rule 4(f) before seeking a court order authorizing service by "other means." *See Studio A Entertainment v. Active Distributors,* 2008 WL 162785, at *3 (N.D. Ohio).

(4:10 CV 2287)

Service under Rule 4(f)(3) must be both not prohibited by international agreement and be ordered by the court. A district court is afforded "wide discretion" to order service under Rule 4(3)(f) in order to enable the court to fit the manner of service to the facts and circumstances of a particular case. *Securities and Exchange Commission v. Anticevic, et al.,* 2009 WL 361739 (S.D.N.Y.) (quoting *B.P. Prods. N. Am., Inc., v. Dagra,* 236 F.R.D. 270, 271 (E.D. Va. 2006)).

In this case, plaintiff seeks service on Starr by publication in Canada. Federal courts have authorized service by publication under Rule 4(f)(3) in foreign countries where other means have failed. *See B.P. Prods. N. Am., Inc., v. Dagra,* 236 F.R.D. at 271-72 (E.D. Va. 2006). With respect to service in Canada, federal courts have ordered serviced by a number of methods, including service by publication in Canada,[4] pursuant to Rule 4(f)(3).[5]

In addition to satisfying the express requirements of Rule 4(f)(3), the method of service must "comport with constitutional notions of due process." In order to satisfy this requirement, "the method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Studio A Entertainement v. Active Distributors,* 2008 WL 162785, at *3 (N.D. Ohio) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 314 (1950)).

---

[4] *Malone v. Highway Star Logistics, Inc.,* 2009 WL 2139857 (D. Colo.).

[5] The Court is not aware of any international agreement prohibiting service by publication in Canada.

(4:10 CV 2287)

    2.    *Analysis*

In support of the motion for service of Karen Starr by publication, plaintiff submitted the affidavit of Michael McLaughlin, a futures trading investigator in the Division of Enforcement of the plaintiff.  McLaughlin's affidavit chronicles the plaintiff's efforts to ascertain the address of Karen Starr and to serve Karen Starr.  Starr' last known address was in Ontario, Canada, but efforts to serve her there by registered and certified mail were unsuccessful, as were efforts to locate a more recent address utilizing various resources designed to locate individuals.  Further, according to information derived from plaintiff's investigation, Starr divides her time between Ontario, Canada and Dubai, one of the United Arab Emirates, and may be residing in Dubai.  *See* ECF 19-2.

The Court finds that plaintiff has established by affidavit that service cannot be made upon Karen Starr because her residence is unknown and that the residence of Karen Starr cannot be ascertained with reasonable diligence.   Accordingly the Court GRANTS plaintiff's request to serve Karen Starr by publication  pursuant to Rule 4(3)(f).

Plaintiff proposes to publish, once a week for a four week period, a summons directed to Karen Starr, including the website address where the complaint is posted on plaintiff's website, in the *Toronto Star*, which is a newspaper widely circulated in the area of Karen Starr's last known address.  The Court finds that such publication is reasonably calculated, under all the circumstances, to apprise Karen Starr of the pendency of this action.

(4:10 CV 2287)

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion (ECF 19) to serve Keelan Harris and Karen Starr by publication, and to extend the time to serve Keelan Harris by 60 days from the date of this order, is GRANTED.

THEREFORE IT IS HEREBY ORDERED that:

1) Plaintiff shall publish the summons directed to defendant Keelan Harris in the *Youngstown Vindicator*, along with the website address where the complaint is posted on the plaintiff's website, once a week for a four week period; and

2) The time for plaintiff to serve defendant Keelan Harris is extended for 60 days from the date of this Order; and

3) Plaintiff shall publish the summons directed to defendant Karen Starr in the *Toronto Star*, along with the website address where the complaint is posted on the plaintiff's website, once a week for a four week period.

IT IS SO ORDERED.

February 28, 2011             s/David D. Dowd, Jr.
Date             David D. Dowd, Jr.
           U.S District Judge