DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) | CASE NO. 4:10 CV 2287 |
| | ) | |
| Plaintiff, | ) | |
| | ) | <u>MEMORANDUM OPINION AND</u> |
| v. | ) | <u>ORDER</u> |
| | ) | |
| Complete Developments, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case was brought by the U.S. Commodity Futures Trading Commission against individual and corporate defendants alleging violation of the Commodity Exchange Act, 7 U.S.C. §§ 1 et seq., as amended, (CEA) in connection with a foreign currency Ponzi scheme.  All of the defendants except Patrick Cole (Cole) and Global Strategic Marketing (GSM)[1] defaulted. Cole and GSM answered, cross claimed, and filed a third-party complaint against Paul J. Hawkins (Hawkins). [2]  ECF 14 and 15.

The third-party complaint was never served, and plaintiff moved to dismiss the third-party complaint on the grounds that it was not served and for failure to state a claim.  ECF 25. That same day, the Court ordered third-party plaintiffs GSM and Cole to show cause why their third-party complaint should not be dismissed for want of prosecution.  ECF 26.

---

[1] GSM is a Canadian corporation and its president, Cole, is a Canadian citizen.

[2] As discussed below, Hawkins was retained to perform an audit of CDL, which GSM and Cole claim in their third-party complaint was fraudulent and upon which they relied with respect to their relationship with Complete Developments LLC.

(4:10 CV 2287)

Cole and GSM never directly responded to the Court's show cause order.  Instead, Cole and GSM moved to amend their cross claim and third-party complaint (ECF 27 and 39), simply stating that service had not been made on the third-party complaint without providing a reason for non-service, and asserting that there would be no prejudice to plaintiff if third-party plaintiffs were permitted to file an amended cross claim and third-party complaint.

In addition, Cole and GSM opposed plaintiff's motion to dismiss (ECF 28).  Plaintiff opposed Cole and GSM's motion to amend the third-party complaint (ECF 29 and 45), to which Cole and GSM replied.  ECF 46.

For the reasons contained herein, GSM's and Cole's third-party complaint is DISMISSED for failure of service and want of prosecution, and GSM's and Cole's motion to file an amended third-party complaint is DENIED.

## I.  BACKGROUND FACTS

The following background facts are briefly summarized from plaintiff's complaint. Plaintiff alleges that over a period of approximately two years ending in October 2008, defendants Complete Developments LLC (CDL) and Investment International, Inc. (I3) solicited and accepted millions of dollars from the general public for the purported purpose of trading in off-exchange foreign currency accounts ("forex").  According to the complaint, GSM through its president Cole, and CDL through its CEO Kevin Harris, entered an agreement by which GSM was appointed the exclusive agent to market CDL's "professionally managed" forex accounts.

2

(4:10 CV 2287)

Plaintiff further alleges that in soliciting customers, defendants CDL, I3, Kevin Harris,[3] Karen Starr (Starr),[4] and GSM[5], made fraudulent representations to investors that the investors would receive guaranteed monthly interest ranging from 5%-12% per month from profitable forex trading, among other false representations.  According to the complaint, the defendants were operating a Ponzi scheme and were paying investor returns from the investor's own funds or from the funds of other investors.  Plaintiff alleges that about $7 million of investors' funds were misappropriated by defendants Kevin Harris, Keelan Harris and Starr for their personal use or were diverted to unrelated companies identified by plaintiff as "Relief Defendants."[6]  The Relief Defendants were owned and/or operated by Kevin Harris, Keelan Harris, and/or Starr. Around October 2008, the defendants reported to their investors that the investors' funds had been "lost."

Plaintiff alleges that Cole suggested to Harris that CDL be audited by a "known" accounting firm and produce a report regarding the audit that could be used to convince investors

---

[3] CDL's President and CEO.  In a separate criminal action, Kevin Harris pled guilty to conspiracy to commit wire fraud, wire fraud, and money laundering in connection with the forex Ponzi scheme at issue in this case.  *See United States v. Harris*, Case No. 4:10 CR 437 (N.D. Ohio).

[4] I3's Director.

[5] Exclusive marketing agent for CDL.  Defendant Cole was President of GSM during the relevant time period and is allegedly liable for GSM's violation of the Commodity Exchange Act.

[6] Plaintiff's complaint refers to these unrelated companies as "Relief Defendants" and identifies them as Majestic Enterprises Collision Repair, Inc. (autobody service in Warren, Ohio incorporated in 1998 by Kevin Harris); RAK Palace Rent-a-Car (incorporated and principal place of business in the United Arab Emirates owned and/or operated by Kevin Harris, Keelan Harris and Starr), and UCAN Overseas Corporation, S.A (a Panamanian company with an office in Warren, Ohio and China, operated by Kevin Harris, Keelan Harris and Starr).   Because the Relief Defendants received funds to which they are not entitled and were derived from the other defendants' fraudulent acts, the plaintiff claims that the Relief Defendants must repay the funds.

3

(4:10 CV 2287)

that CDL was not a scam and to establish CDL's credibility with wealthy investors.  It is further

alleged that Harris hired for this purpose an accountant who was not registered as a CPA and

could not certify audit reports.  This accountant purportedly issued a letter that was distributed to

CDL's prospective customers containing various misrepresentations, including a statement that

CDL's operation was not Ponzi scheme.

Count 1 of plaintiff's complaint alleges violations of the Commodity Exchange Act by

CDL, I3, GSM, Cole, Kevin Harris, Keelan Harris, and Starr.  Count 2 seeks disgorgement of

funds from the Relief Defendants.

In their proposed amended third-party complaint, Cole and GSM claim that the

accountant hired by Harris was Paul Hawkins, that his audit letter contained false information

regarding the legitimacy of CDL and I3's forex trading investments, and that Cole and GSM

relied on that information in connection with their activities marketing CDL and I3's forex

trading investment accounts.  Cole and GSM seek contribution and indemnification, damages

and attorney fees from Hawkins as a consequence of alleged fraud and material

misrepresentations (Count 1), alleged racketeering activities in violation of 18 U.S.C. § 1961(5)

and R.C. § 2921.31 et seq. based on a pattern of fraudulent and illegal conduct (Counts 2 and 3),

and common law fraud (Count 4).

(4:10 CV 2287)

## II.  PENDING MOTIONS AND LEGAL ANALYSIS

A.    <u>Plaintiff's Motion to Dismiss the Third-party Complaint</u>[7]

Plaintiff's motion to dismiss Cole and GSM's third-party complaint is grounded in Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (ECF 25), and has been opposed by third-party plaintiffs (ECF 28).  In the third-party complaint, third-party plaintiff Cole and GSM allege that GSM conducted marketing efforts for CDL in reliance on the accuracy of Hawkins' accounting report, and to the extent the report contained false information, Cole and GSM are entitled to "indemnification, or in the alternative, contribution, from Hawkins for any judgment which may be rendered against them in this case."  ECF 15.

1.    <u>Rule 12(b)(5)</u>

The third-party complaint (ECF 15) was never served and plaintiff contends that Cole and GSM have not established good cause for their delay, thereby warranting dismissal pursuant to Rule 12(b)(5) for insufficient service of process.  Federal Rule of Civil Procedure 4(m) requires a complaint to be served within 120 days after it is filed, and this time limit also applies to third-party complaints.

In opposition to the Rule 12(b)(5) dismissal, the third-party plaintiffs assert that a waiver of service was sent to the third-party defendant but was never returned, and that plaintiff will not be prejudiced if the Court extends the time for service of the third-party complaint.  In addition, third-party plaintiffs point out that they have moved to amend the third-party complaint and if

---

[7] Plaintiff is not a party to the third-party complaint.  Because the Court's disposition of the third-party complaint does not depend upon plaintiff's motion to dismiss, it is not necessary for the Court to address the question of whether plaintiff has standing to seek dismissal of the third-party complaint.  Rule 14(a)(4), however, allows "any party" to move to strike a third-party claim, to sever it, or to try it separately.

(4:10 CV 2287)

their motion is granted, they will promptly serve the amended third-party complaint.  See Section B, infra.

       2.     <u>Rule 12(b)(6)</u>

Plaintiff further contends that even if Cole and GSM can establish good cause for failure to serve the third-party complaint, the third-party complaint should still be dismissed pursuant to Rule 12(b)(6) because if Cole and GSM are found liable for violating the anti-fraud provisions of the CEA, there is no statutory or common law right to indemnification or contribution under the CEA.  In order to survive a Rule 12(b)(6) motion for dismissal for failure to state a claim, plaintiffs' factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action - they must show entitlement to relief under a viable legal theory.  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955) (2007)); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Plaintiff concludes that even if the factual allegations of the third-party complaint are true, third-party plaintiffs have no viable legal theory for relief.

In opposition, third-party plaintiffs do not address plaintiff's legal argument that there is no right under the CEA for indemnification or contribution, but simply assert that the motion should be denied because third-party plaintiffs have sufficiently pled a plausible claim.

(4:10 CV 2287)

B.    <u>Third-party Plaintiffs' Motion to Amend the Third-party Complaint</u>

After plaintiff moved to dismiss third-party plaintiffs' third-party complaint, and after the Court ordered third-party plaintiffs to show cause why their third-party complaint should not be dismissed for want of prosecution, third-party plaintiffs moved to amend their third-party complaint to add a fraud claim.  ECF 27.  In opposition to the motion to amend, plaintiff argues that GSM and Cole never explained their failure to serve the original third-party complaint, failed to provide the proposed amended third-party complaint,[8] and that even were third-party plaintiffs permitted to amend to add a fraud claim, such amendment would be futile because, like the argument plaintiff made in support of its motion to dismiss, there is no legal theory upon which the third-party defendant could be liable to GSM and Cole for violations of the CEA. ECF 29.

Further in opposition to GSM's and Cole's motion to file an amended third-party complaint, plaintiff argues that Rule 14 of the Federal Rules of Civil Procedure does not permit a third-party complaint based upon a cause of action independent from the underlying complaint. In support, plaintiff argues that Cole's and GSM's claims that Hawkins' report contained false information upon which they relied to their detriment is a cause of action independent from plaintiff's claims against Cole and GSM for violation of the CEA, and should be brought as a separate action and not impleaded in this case.[9]

---

[8] Subsequently, GSM and Cole filed a proposed amended third-party complaint (ECF 39) which was again opposed by plaintiff (ECF 45), to which GSM and Cole replied (ECF 46).

[9] *See* ECF 29, citing *American Zurich Insurance Co. v. Cooper Tire & Rubber Co.,* 512 F.3d 800, 805 (6th Cir. 2008); *see United States v. Olavarieta*, 812 F.2d 640, 643 (11th Cir. 1987)(third-party complaint must be based

(continued...)

(4:10 CV 2287)

1.    <u>Rule 14 - Third-party practice</u>

Even when timely filed, a party does not have an absolute right to implead and whether to allow an impleader lies within the sound discretion of the Court. *Trane U.S. Inc. v. Meehan*, 250 F.R.D 319, 321-22 (N.D. Ohio 2008); *see also* Moore's Federal Practice, Sec. 14.20, citing Advisory Commitee Notes of 1963; *Colon v. Blades* 268 F.R.D 143, 145 (D. Puerto Rico 2010)(citations omitted).  Generally, timely motions to implead are granted unless to do so would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim. *Trane U.S. Inc. v. Meehan*, 250 F.R.D at 322 (quoting *Nova Prods., Inc., v. Kisma Video, Inc.,* 220 F.R.D. 238, 240 (S.D.N.Y. 2004)).

It is also within the discretion of the court to refuse to retain a third-party claim for the same reasons that would support the denial of a motion to implead or grant of a motion to strike or vacate an impleader.  A lack of similarity in the issues and evidence required to be proved between the main case and the third-party claims may alone be sufficient for a court to refuse to allow an impleader or warrant dismissal of an impleaded party. *See U.S. Commodity Futures Trading Commission v. Calvary Currencies, LLC* 2005 WL 263902 (D.Md. 2005)(citing *United States Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968)("If impleading a third-party defendant would require the trial of issues not involved in the controversy between the

---

[9](...continued)

on a third-party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant); *American Zurich Insurance Co,.* 512 F.3d at 805 (defendant's attempt to transfer the liability asserted against him by the original plaintiff is an essential criterion of a third-party claim); *Starnes Family Office, LLC v. McCullar,* 2011 U.S. Dist. LEXIS 9310 at * 47 (W.D. Tenn. Jan. 28, 2011)(third-party claims for fraud and breach of contract were not proper under Rule 14 because if defendant was found liable to plaintiff for breach of agreement, success on the third-party claims would not shift that liability).

(4:10 CV 2287)

original parties without serving any convenience, there is no good reason to permit a third-party

complaint to be filed.")); *Colon v. Blades,* 268 F.R.D. 143, 145 (D. Puerto Rico 2010)("In

exercising its discretion [to allow impleader], the court considers the following factors: 1)

whether the third-party claim would prejudice the plaintiff, 2) the risk of unduly complicating

the issues or unnecessarily delaying the resolution off the controversy, . . . 4) the merit of the

third-party claim, and 5) any additional expenses the claim may impose on the parties.").

C.    <u>Analysis</u>

    1.    <u>Dismissal of GSM's and Cole's third-party complaint</u>

    Third-party plaintiffs never directly responded to the Court's order to show cause why

the third-party complaint should not be dismissed for want of prosecution.  Instead, GSM and

Cole simply moved to file an amended complaint and promised prompt service if the motion was

granted.  In a pleading directed at plaintiff's motion to dismiss pursuant to Rule 12(b)(5)  for

failure to serve the third-party complaint, third-party plaintiffs attempted to defend lack of

service of their third-party complaint by stating that they had sent a waiver of service to third-

party defendant Hawkins that was never returned.   However, GSM and Cole have failed to come

forward with any explanation that could support a finding by this Court that they were

reasonably diligent in attempting to serve the third-party complaint.  In fact, it appears from the

record that plaintiff's motion to dismiss, and the Court's show cause order, awakened sleeping

third-party plaintiffs.

9

(4:10 CV 2287)

District courts have an inherent power to sua sponte dismiss civil actions for want of prosecution.  *Heard v. SelectTech Services Corp.*, 2011 WL 2790198 at *3 (S.D. Ohio)(citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) and *Jourdan v. Jabe*, 951 F.2d 108, 109-11 (6th Cir. 1991)).  Based on the record before it, the Court concludes that third-party plaintiffs failed to demonstrate any diligence at all with respect to the service of the third-party complaint.

Accordingly, GSM's and Cole's third-party complaint is dismissed without prejudice for failure to effect service of summons in accordance with Federal Rule of Civil Procedure 4(m) and for failure to prosecute the third-party complaint, and the Clerk is directed to terminate plaintiff's motion to dismiss the third-party complaint (ECF 25).

Even if Cole and GSM had demonstrated reasonable diligence in attempting to serve the third-party complaint, the Court would decline to retain the third-party complaint for the same reasons discussed *infra* that the Court denies GSM's and Cole's motion to file an amended third-party comoplaing.

2.      Denial of GSM's and Cole's motion to file an amended third-party complaint.

A party does not have an absolute right to implead and whether to allow an impleader lies within the sound discretion of the Court.  A threshold question for the Court in the exercise of its discretion is whether Cole's and GSM's amended third-party complaint is sufficiently similar to plaintiff's claims that the Court, within its discretion should allow the impleader, or whether the third-party claims constitute an independent cause of action that is more properly brought as a separate action.

10

(4:10 CV 2287)

In making that determination, factors for the Court to consider are: 1) whether the third-party claim would prejudice the plaintiff, 2) the risk of unduly complicating the issues or unnecessarily delaying the resolution off the controversy, 3) the merits of the third-party claim, and 4) any additional expenses the third-party claim may impose upon the parties.

For the following reasons, the Court concludes that the third-parties' claims against Hawkins are not sufficiently similar to plaintiff's claims alleging violation of the CEA and should be brought as a separate action.

First, third-party plaintiffs' claims against Hawkins for contribution, indemnification and fraud are unrelated to plaintiff's claims that Cole and GSM violated the anti-fraud provisions of the CEA and require different evidence and proof.  *See CFTC v. Calvary Currencies LLC,* 2005 U.S. Dist. LEXIS at * 10 – 12 (Md. Feb. 2, 2006)(whether third-party plaintiffs were defrauded or otherwise misled by third-party defendants is unrelated to CFTC's complaint for violations of the anti-fraud provisions of the CEA).  The purpose and nature of plaintiff's enforcement action is inherently different from a private action to adjudicate a private controversy.

Further, if the Court allowed the third-party plaintiffs' unrelated claims to proceed, plaintiff would be prejudiced by a significant delay in the resolution of its claims that defendants violated the CEA and in the protection of the investing public through enforcement of the CEA.

Third, if the third-party complaint were allowed to proceed, the conduct of discovery and motion practice on issues unrelated to plaintiff's CEA action would unnecessarily complicate and increase the cost of plaintiff's case, but not advance plaintiff's case.  Further, assuming that plaintiff prevails in its CEA claim against third-party plaintiffs and that third-party plaintiffs are

11

(4:10 CV 2287)

successful against Hawkins, that success does not shift Cole's or GSM's liability for those CEA violations to Hawkins.

The last factor for consideration in the analysis is the merits of plaintiffs' third-party complaint.  Plaintiff advanced a body of case law to support its argument for dismissal of the third-party complaint for failure to state a claim under Rule 12(b)(6) on the grounds that a private party cannot seek indemnification or contribution for civil penalties that may be ordered to remediate violations of the CEA because allowing indemnification or contribution for civil penalties would thwart the public policy underlying the commodities laws protecting investors from fraud.[10]  Further, plaintiff argues that third-party plaintiffs Cole and GSM lack standing to bring a fraud claim under the CEA, citing section 22 of the CEA and pointing out that third-party plaintiffs have not claimed the elements required by Section 22(a) to establish their private right of action that Hawkins violated the CEA.[11]  *See* ECF 29.  In their opposition to plaintiff's motion to dismiss, third-party plaintiffs fail to rebut plaintiff's legal argument that indemnification and contribution is not available to third-party plaintiffs under the CEA and that third-party plaintiffs

---

[10] *See Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.,* 151 F.3d 1129, 1130 (9th Cir. 1998); s*ee Delay v. Rosenthal Collins Group LLC,* 2008 U.S. Dist. LEXIS 42032 (S.D. Ohio May 27, 2008)(there is no implied right of indemnification under the CEA); *Resolution Trust Corp. v. Kranz,* 1991 U.S. Dist. LEXIS 10171, at *14 (N.D.Ill. July 24, 1991)(the CEA does not explicitly provide for indemnification); *Delay,* 2008 U.S. Dist. LEXIS 42032 at *13 -14; *Baker v. BP America, Inc.,* 749 F. Supp. 840, 845 (N.D. Ohio 1990); *See Fleming v. Lind-Waldock,* 922 F.2d 20 (1st Cir. 1990); *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 683 (1981); *United States v. Domestic Industries,* 32 F.Supp. 2d 855, 872-73 (E.D. Va. 1999); *Delay,* 2008 U.S. Dist. LEXIS 42032 at *14.

[11] 7 U.S.C. § 25; 7 U.S.C. § 25(a); 7 U.S.C. § 25(b); *See American Agriculture Movement Inc. v. Chicago Board of Trade*, 977 F.2d 1147, 1153 (7th Cir. 1992) (finding that Section 22 of the CEA provides no remedies for non-traders), *aff'd in part, rev'd in part on other grounds by Sanner v. Chicago Bd. of Trade,* 62 F.3d 918 (7th Cir. 1995); *Klein & Co. Futures, Inc. v. Board of Trade of the City of New York,* 464 F.3d 255, 262 (2d Cir. 2006)(remedies afforded by Section 22 of the CEA are available only to private litigants who actually traded in the commodities market).

(4:10 CV 2287)

lack standing to bring a CEA claim, but simply recite that they have sufficiently pled their claims.  With respect to the merit factor of the Rule 14 analysis, the Court concludes that whether third-party plaintiffs have standing to bring a private right of action under the CEA against Hawkins, and the legal sufficiency of third-party plaintiffs' claims against Hawkins for contribution and indemnification, is in question.

Based on the foregoing, the Court concludes that the proposed third-party complaint represents an entirely separate cause of action from plaintiff's claims, and that allowing GSM and Cole to proceed with their private claims against Hawkins in the context of the plaintiff's public enforcement action will unduly delay the enforcement action and increase plaintiff's cost, resulting in prejudice to the plaintiff and to the public's interest in enforcement of the CEA. Cole's and GSM's claims against Hawkins are more properly brought in a separate action. Accordingly, plaintiff's objection to the motion to file an amended third-party complaint is sustained, and GSM's and Cole's motion to file an amended third-party complaint (ECF 27 and 39) is DENIED.

### III.  CONCLUSION

For the reasons discussed herein, GSM's and Cole's third-party complaint is DISMISSED for failure of service and want of prosecution, and GSM's and Cole's motion to file an amended third-party complaint is DENIED.  This case will proceed in accordance with the Case Management Plan established by the Court.

13

(4:10 CV 2287)

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to

defendants at their address of record.


        IT IS SO ORDERED.

  September 19, 2011                           s/ David D. Dowd, Jr.
Date                                    David D. Dowd, Jr.
                                        U.S. District Judge

14